IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OHIO POWER COMPANY,
d/b/a AMERICAN ELECTRIC POWER,

    Plaintiff,

vs.

Case No. C2-09-016
Judge Edmund A. Sargus, Jr.
Magistrate Judge Mark R. Abel

GENERAL HYDROGEN CORP.
    et al.,

    Defendants.

## ORDER

In its Reply memorandum filed November 17, 2009 (Doc. 52), Defendant, Matrix Metal Products, Inc. ("Matrix"), indicated that, upon review of its sales records, it appeared proper to withdraw its Motions to Dismiss for Lack of Personal Jurisdiction. Accordingly, Matrix's Motions to Dismiss (Docs. 6 & 24) are hereby **ORDERED WITHDRAWN**.

Matrix indicated in its Reply memorandum that it based its original Motion to Dismiss in part on the concept of judicial economy, and seeks to pursue this basis for dismissal. A close examination of its Motion to Dismiss reveals, however, that Matrix failed to develop any legal theory for dismissal of the action based on judicial convenience. Moreover, in its Reply memorandum, Matrix introduced an entirely new theory as a purported basis to dismiss this action, namely that the Court should exercise its discretion to abstain from hearing the matter in deference to other state and federal cases involving similar issues and parties.[1]

---

[1] Plaintiff Ohio Power Company objected to the new theory as improper, and requested that the Court provide it with an opportunity to respond to Matrix's argument regarding abstention.

S.D. Ohio Civ. R. 7.2(a) provides that "[a]ll Motions and applications tendered for filing shall be accompanied by a memorandum in support thereof which shall be a brief statement of the grounds, with citation of authorities relied upon." Matrix, in the first instance, has not supported its position with citations to any legal authority that would permit this Court to dismiss the lawsuit with prejudice on the basis of judicial economy. Further, to the extent Matrix seeks dismissal of the action on the basis of abstention, it should file a separate Motion. Raising a wholly new legal theory in a Reply memorandum is inappropriate under the Civil and Local Rules. Matrix may file a motion for leave to file another motion to dismiss on the basis of abstention and/or convenience within **FOURTEEN (14) DAYS** from the date of this Order. Matrix must demonstrate good cause for its delay in raising its Rule 12 arguments within the time permitted to move or plead.

Thus, at this juncture, no pending motion under Federal Rule of Civil Procedure 12 remains on the Court's docket. Notwithstanding the ambiguity created by Matrix's stated intention to withdraw its Motion to Dismiss, Plaintiff filed a request that the Clerk of Court enter a default against Matrix. Plaintiff asserts that Matrix withdrew its Motion to Dismiss on November 17, 2009 and failed to answer the Complaint within the time permitted by Rule. Because the issue of whether Matrix's Motion to Dismiss remained pending on the Court's docket at the time of the request for default was unclear, the Clerk is **DIRECTED** to decline to enter default until further Order of the Court.

**IT IS SO ORDERED.**

2-22-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**