UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OHIO POWER COMPANY,

        Plaintiff,

vs.

Case No. 2:09-CV-16
District Judge Sargus
Magistrate Judge Abel

GENERAL HYDROGEN CORPORATION,
ET AL..,

        Defendants.

## OPINION AND ORDER

This case arises out of accidental explosion and fire resulting in both personal injury and property damage at Plaintiff Ohio Power's Muskingum River electricity generating plant on January 8, 2007. The original complaint, filed January 8, 2009, named six corporate defendants: CGI International Inc.; General Hydrogen Corporation; and General Hydrogen of West Virginia Corporation (denominated "CGI Entities" by Plaintiff); Matrix Metals Products, Inc. (Matrix); Portersville Sales and Testing, Inc.(Portersville); and Western Sales and Testing of Amarillo, Inc.(Western Sales)[1]; as well as John Doe "unknown corporations or other entities involved with the design, manufacturing, distribution, and/or sales of a 12C rupture disk or other defective equipment sold to one or more of the 'CGI Entities'." Doc. 2. The Com-

---

[1]. "Western Sales and Testing of Amarillo, Inc." is listed as a Defendant in the Complaint's caption; however, that name is not among the "Parties" identified in the first eight paragraphs. It appears this is inadvertent because "Western Sales and Testing of Amarillo, Inc." is both identified and referred to as a Defendant in the Complaint's Third Cause of Action. Doc. 2, ¶¶ 32, 33, 34.

plaint contained three separate causes of action: Breach of Contract Against the CGI Entities (¶¶ 25 – 27); Negligence "of the Defendants" (¶¶ 28 – 30); and Products Liability against Defendants Matrix, Western Sales, Portersville, and John Does for acts or omissions in the "designing, manufacturing, supplying, marketing, installing, servicing, and/or maintaining " the 12C rupture disk ultimately purchased by one of the CGI entities and installed at the Muskingum River power plant where it later failed causing the January 8, 2007 explosion and resultant damages complained of here (¶¶ 31 – 35). The Third Cause of Action also alleged that "Defendants breached express and/or implied warranties of merchantability of [sic] fitness for a particular purpose" (¶ 36). Plaintiff asserts jurisdiction in this court under 28 U.S.C. §1332 based on alleged diversity of citizenship between Plaintiff and defendants and an amount in controversy exceeding $75,000 (¶ 9).

The case docket reflects appearance in due course by all named defendants as well as a Preliminary Pretrial conference before the Magistrate Judge on May 21, 2009, at which "counsel for all parties appeared." Doc. 28, 5/26/09, p. 1. Among others, the resulting order provided: "Any stipulation/motion for leave to amend the pleadings and/or add parties must be filed on or before **June 30, 2009.**" Id. at 2. Without reference to this notation, Plaintiff Ohio Power filed a Motion For Leave To File an Amended Complaint, almost a year later on May 10, 2010. Doc. 68. As stated in Plaintiff's memorandum in support, this leave was sought "to included a failure to warn claim and to include Western Valve as a defendant in this action." Id. at 3. The motion certifies service on all counsel representing defendants who

2

had appeared, but not upon any counsel as representing Western Valve. Id., pp. 12-13.

Only counsel for Matrix Metals responded to Plaintiff's Motion for Leave to Amend, and that amounted to a notice of no objection. Doc. 69, 5/28/10. This was followed by the Magistrate Judge's Order noting both that no defendant had filed in opposition and that Defendant Matrix had filed, expressly stating it did not object. Accordingly, the motion was granted and the Clerk directed to file the Amended Complaint. Docs. 70, 71, 6/3/10. Defendant Western Valve's Waiver of Service, mailed 6/30/10 and calling for an answer to the Amended Complaint by 8/30/10, was returned, executed, and was filed 7/08/10. Doc. 83. The case is herein before the Court on Defendant Western Valve, Inc.'s 8/24/10 motion pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss Plaintiff's Amended Complaint. (Doc. 99), together with the additional memoranda filed by the concerned parties in support and opposition to that motion (Docs. 104, 107).[2]

By its own terms, a motion to dismiss pursuant to Federal Rule 12(b)(6) tests whether a complaint states "a claim for which relief can be granted." As an initial matter, the Court notes based on the manner and timing of this Defendant being brought into the case, its motion here is both timely and an appropriate way for it to raise that question and test whether, stated another way, Plaintiff's Amended Complaint has stated a claim against this Defendant for which the law provides relief. See Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994). However,

---

2. This detail of procedural history is included to make more apparent the reasons the motion by Western Valve is here treated separately and apart from procedural motions by other defendants.

3

in accordance with the limited scope of such a test under this rule (see, e.g., Louisiana School Employees' Retirement System v. Ernst & Young, LLP 622 F.3d 471, 477-78 (6th Cir.,2010); McCarthy v. City of Cleveland, 626 F.3d 280, 283 (6th Cir. 2010)), the complaint will not be dismissed unless there is no law to support the claims made, the facts alleged are insufficient to state the claim, or there is an insurmountable bar to the claim on the face of the complaint. See Rauch v. Day and Night Mfg. Corp., 356 F.2d 697, 702 (6th Cir. 1978).

The Amended Complaint in question here was filed June 3, 2010, in consequence of Plaintiff's motion for leave to do so, filed May 10, 2010. Except for renumbering of paragraphs and the addition of Western Valve to the initial list of Parties (Doc 71, ¶ 8), it is essentially a duplicate of the original until the Third Cause of Action. There, Western Valve is added to the defendants specifically named in paragraphs 33, 34, and 35 (former ¶¶ 32 and 33)[3], as well as being expressly included in new paragraph 36 and arguably included in the "defendants" referred to in paragraphs 38 and 40. Defendant Western Valve bases its Fed. R. Civ. P. 12(b)(6) motion to dismiss on two specific grounds: 1) that all claims made against it in the Amended Complaint are products liability claims barred by the Ohio's two-year statute of limitations contained in Ohio Revised Code § 2305.10; and 2) that any claims made against it in Counts II and III of the Amended Complaint[4] cannot be pursued as common law claims because all such rights were ab-

---

3. Defendants Matrix, Western Sales, Portersville Sales, and John Does.

4. Count I is a breach of contract claim against only the Defendant CGI Entities.

4

rogated by provisions of the Ohio Products Liability Act, Ohio Revised Code, §§ 2307.71, *et seq.*, as effective April 7, 2005, before any such claims based on the January 8, 2007 explosion at Plaintiff's plant arose. Doc. 99, pp. 1-2.

Although not expressly mentioned in any of the seven enumerated defenses in Rule 12(b), it has long been recognized as the prevailing rule in this circuit that a complaint showing on its face that relief is barred by an affirmative defense such as the statute of limitations is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Rauch at 702 (citing and quoting from 5 Wright & Miller). According to Rauch, "it is uniformly held that the defense of limitations may be raised by a Rule 12 motion to dismiss when, as here, the time alleged in the complaint shows that the action was not brought within the statutory period." 356 F.2d at 702. See also Gibson v. American Bankers Ins. Co., 289 F.3d 943, 946 (6th Cir. 2002).

In response to this Defendant's motion, Plaintiff Ohio Power relies on the provisions of Rule 15(c), Fed. R. Civ. P., and the affidavit of its counsel describing certain events at the time this case was filed:

> . . . . [T]he Complaint was filed on January 8, 2009. A Notice to the Defendant and a Waiver of Service of Summons was mailed to all Defendants on February 2, 2009. At some point prior to February 18, 2009 Western Sales' and Western Valve's attorney called counsel for OPCo and requested that OPCo substitute Western Valve for Defendant Western Sales. Western Valve's counsel confirmed this request with a letter dated March 23, 2009. This letter contained the Waivers of Service for Western Sales and Portersville Sales and Testing, Inc., and asked OPCo to "[p]lease advise as to whether you will be taking the appropriate steps to substitute Western Valve, Inc. for Western Sales and Testing of Amarillo, Inc.

5

Plt. Memo. Contra., Doc. 104, pp. 2-3, Exh. A, Affidavit. Plaintiff argues that under these circumstances, Rule 15(c) permits its Amended Complaint against this (new) Defendant to relate back to the filing of its original Complaint, thus making it timely in terms of Ohio's two-year limitations statute. Doc. 104, pp. 2-4.

As possibly applicable here, Rule 15(c) provides:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when
    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Court is in some doubt whether the affidavit relied on here sufficiently demonstrates the notice to, and knowledge of, this Defendant as would justify its very tardy substitution into the case under Rule 15(c)(1)(C) in the place of another defendant.[5] Assuming *arguendo* that it does, however, the rule may not be used over this Defendant's limitations objection to authorize its addition to the Defendants in Plaintiff's Amended Complaint. Both the Sixth Circuit and the State of

---

5. The law firm contacting Plaintiff's counsel early in 2009 does appear in representation of Defendant Western Valve, but not until July, 2010, *after* Western Valve was served with the Amended Complaint, and there is no indication that such counsel was representing Western Valve in 2009. Rather, counsel's March 23, 2009 letter (Doc. 104, Exh. A) announces representation of Western Sales and Testing and Portersville Sales and Testing.

6

Ohio are clear on the limited extent of procedural rule authority to allow amendment of pleadings after applicable limitations have expired.[6] As announced in the motion for leave to amend, Plaintiff's purpose here was both to add a new claim and add a new defendant (Doc. 68, p.3), after applicable limitations had expired, and the law of both jurisdictions is clear that the procedural rules do not extend to permitting such amendment where a new party is involved.

Twenty years ago, in ruling on relation back of amendment to a complaint under authority of a Rule 15(c), the Sixth Circuit stated:

> .... [T]he precedent of this circuit clearly holds that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973). This holding was reaffirmed in *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 (6th Cir.1978).

In re Kent Holland Die Casting & Plating, Inc., 928 F.2d 1448, 1449-50 (6th Cir. 1991). The court also cited Ringrose v. Engelberg Co., 692 F.2d 403, 405 (6th Cir. 1982), and its citation of Marlow for holding "that FRCP 15(c) allows correction of

---

6. Although it is long established that federal courts sitting in diversity cases generally apply state substantive law but federal procedural law, Hanna v. Plumer, 380 U.S. 460, 465 (1965); see Legg v. Chopra, 286 F.3d 286, 289 (6th Cir. 2002) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)), there now appears a split among the circuits as to the extent of that rule's application to Fed. R. Civ. P. 15(c). Compare Saxton v. ACF Industries, Inc., 254 F.3d 959, 963 (11th Cir. 2001)(*en banc*) with Morel v. Daimler Chrysler AG, 565 F.3d 20, 24 (1st Cir. 2009). In this case, however, the similarity of Ohio Civil Rule 15(C)'s provisions respecting relation back of pleading amendments to those of Fed. R. Civ. P. 15(c) relied on here and the extent of agreement between the two jurisdictions in interpretation and application those provisions, makes it unnecessary for this Court to resolve any dispute on that point in ruling on the question presented by this Defendant's motion.

misnomers, but not the addition or substitution of new parties after the statute of limitations has expired." 928 F.2d at 1450. Last year, in rejecting a claim that the somewhat-altered, current form of Federal Rule 15(c) would permit the addition of a new party-plaintiff after limitations had expired, the Sixth Circuit again quotes the language of Marlow and Kent Holland Die Casting, as well as relying on, among others, Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.1996) (holding that substitution of a "John Doe" defendant with a named party is not correction of a misnomer, but a "change in parties" that does not relate back), and the following citations:

> *United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir.1966) (stating that, when "[t]he effect of Plaintiff's amendment is to add another party[,]" it "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court."); *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215, 218 (6th Cir.1978).

Asher v. Unarco Material Handling, Inc., 596 F.3d 313, 318-19 (6th Cir. 2010).

The law of Ohio is at least as definite in limiting application of its parallel Civil Rule 15(C) where relation back of amended pleadings would effectively avoid otherwise applicable limitations.

> 1. Civ.R. 15(C) may be employed to substitute a party named in the amended pleading for a party named in the original pleading to permit the amended pleading to relate back to the date of the original pleading, provided the requirements of the rule are otherwise satisfied. (*Cecil v. Cottrill* [1993], 67 Ohio St.3d 367, 618 N.E.2d 133, approved and followed.) However, the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading.

8

Kraly v. Vannewkirk, 69 Ohio St.3d 627, 627-28 (1994), Syllabus No. 1.[7] See also Kimble v. Pepsi-Cola Gen. Bottlers, 103 Ohio App.3d 205, 207, 658 N.E.2d 1135, 1137 (Ohio App., 1st Dist. 1995); Dobbelaere v. Cosco, Inc., 120 Ohio App.3d 232, 243, 697 N.E.2d 1016, 1023 (Ohio App. 3rd Dist.,1997); Estate of Finley v. Cleveland Metroparks 189 Ohio App.3d 139, 145-46, 937 N.E.2d 645, 650 (Ohio App. 8th Dist. 2010) (citing Kraly and two recent, unpublished 8th Dist. cases[8] for the propositions that "[w]hen a new party is added, a new cause of action is created and will not relate back to the date of filing the original action for statute of limitations purposes," and that the pleading amendment rule "may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading."

In this case, based on both the motion for leave to file and the Amended Complaint itself, it is clear Plaintiff is not merely seeking to correct the name of an existing party, or even to substitute one existing party for another; rather it seeks to add both a new party and a new cause of action to the case. Consequently, whether considered in light of Sixth Circuit or Ohio procedural law, it is also clear that the Amended Complaint's addition of Defendant Western Valve, Inc., violates Ohio's applicable statute of limitations contained in Ohio Revised Code §2305.10.

---

7. Under Ohio law, the syllabus announces the law of Ohio with reference to the facts on which it was predicated. See State ex rel. Heck v. Kessler, 72 Ohio St. 3d 98, 102-03 (1995).

8. Bykova v. Szucs, Cuyahoga App. No. 87629, 2006-Ohio-6424, 2006 WL 3517958; Roche v. On Time Delivery Servs. Inc., Cuyahoga App. No. 94036, 2010-Ohio-2358, 2010 WL 2136656.

9

It is therefore ORDERED that Western Valve, Inc. is DISMISSED, with prejudice, as a party-defendant in further proceedings under the Amended Complaint (Doc.99) in this case.

IT IS SO ORDERED.

3-28-2011

Dated

Edmund A. Sargus, Jr.
United States District Judge