# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**OHIO POWER COMPANY,**

      **Plaintiff,**

v.

**GENERAL HYDROGEN CORP.,**

**et al.,**

      **Defendants.**

Case No. 2:09-cv-016

**JUDGE SARGUS**

**MAGISTRATE JUDGE ABEL**

## OPINION AND ORDER

This matter is presently before the Court on Defendants Portersville Sales and Testing, Inc. and Western Sales and Testing of Amarillo, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 76). For the reasons stated herein, the motion is **GRANTED**.

### I.

This action arises from an explosion that occurred at Plaintiff Ohio Power Company ("Ohio Power")'s Muskingum River Power Plant ("Plant") on January 8, 2007. (*See* Am. Compl. ¶ 22.) Ohio Power alleges that the explosion was caused wholly or in some part by the failure of a component known as a "12c rupture disc." (Am. Compl. ¶ 25.) According to Ohio Power, the 12c rupture disc was designed and manufactured by Defendant Matrix Metal Products, Inc. ("Matrix"), and sold by Matrix to Defendants Western Sales and Testing of Amarillo, Inc. ("Western Sales"), Portersville Sales and Testing, Inc. ("Portersville"), and/or Western Valve, Inc. ("Western Valve"). (Am. Compl. ¶ 35.) Western Sales, Portersville, and/or Western Valve then sold the rupture disc to Defendants CGI International, General Hydrogen Corporation, and General Hydrogen Corporation of West Virginia (collectively "CGI Entities"). (Am. Compl. ¶ 25) The CGI entities are alleged to have had a contract with Ohio Power for the

1

maintenance of the hydrogen storage system at the Plant, and, as part of that contract, they installed the 12c rupture disc at the Plant on or about July 31, 2006. (Am. Compl. ¶ 37.)

In its amended complaint, Ohio Power brings a breach of contract claim against the CGI Entities, and claims for negligence and products liability against all Defendants. Portersville and Western Sales now move to dismiss the negligence and products liability claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II.

A Rule 12(b)(6) motion requires dismissal if the complaint fails to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

## III.

Portersville and Western Sales contend that Ohio Power's second and third causes of action should be dismissed because they allege common law claims that have been abrogated by the Ohio Products Liability Act, Ohio Revised Code §§ 2307.71–2307.80 ("Act"). The Court agrees.

"Any recovery of compensatory damages based on a product liability claim is subject to [the Act]." OHIO REV. CODE. § 2307.72(A). The Act defines "product liability claim" to mean:

2

> a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
>> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
>>
>> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>>
>> (c) Any failure of that product to conform to any relevant representation or warranty. . . .

*Id.* § 2307.71(A)(13). The term "manufacturer" is defined to mean "a person engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product." *Id.* § 2307.71(A)(9). The term "supplier" is defined to mean "[a] person that, in the course of a business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce" or "[a] person that, in the course of a business conducted for the purpose, installs, repairs, or maintains any aspect of a product that allegedly causes harm." *Id.* § 2307.71(A)(15)(a). The term supplier does not include a manufacturer. *Id.* § 2307.71(A)(15)(b)(i).

The Act contains specific provisions governing the circumstances in which manufacturers and suppliers can be liable for product liability claims. *See, e.g., id.* §§ 2307.73–2307.78. For instance, a supplier's liability for compensatory damages can arise where the supplier's negligence is the proximate cause of harm, where the product does not conform, at the time it leaves the supplier's hands, to representations made by the supplier, and in certain instances where the supplier is deemed to take the place of the manufacturer. *See id.* § 2307.78. Finally, effective April 7, 2005, the Act abrogated all common law product liability claims. *Id.* §

3

2307.71(B). *See Doty v. Fellhauer Electric, Inc.*, 888 N.E.2d 1138, 1140–41 (Ohio Ct. App. 2008).

### A.

Turning first to Ohio Power's second cause of action, which is for negligence, it is clear that this count fails to state a claim against Portersville and Western Sales. While it is true that pursuant to the Act, suppliers can be liable for negligence, the claim itself merely concludes that the "explosion at [the Plant] was proximately caused by the negligent actions of the Defendants and/or their agents and employees" (Am. Compl. ¶ 30), without expressly stating that the claim arises under the Act. Claims made pursuant to the Act should mention the specific provisions of the act they are alleged to arise under. *See Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827, 843 (S.D. Ohio 2003). Further, even to the extent the second count could be construed to allege negligent acts outside the scope of the Act, the amended complaint's mere conclusion that Defendants acted negligently is insufficient to state a plausible claim under the Supreme Court's holdings in *Iqbal* and *Twombly*. In this regard, the operative facts of the amended complaint make no mention of Portersville and Western Sales prior to the third cause of action. Accordingly, the second cause of action must be dismissed as to Portersville and Western Sales.

### B.

Ohio Power's third cause of action, which is for products liability, alleges that Portersville and Western Sales purchased the defective 12c rupture disc from Matrix, and resold the disc to the CGI entities, which installed it at the Plant. The third cause of action further alleges that the explosion at the plant was caused by the failure of the disc, and the failure of the disc was "proximately caused by the acts and omission of the defendants or their agents in designing, manufacturing, supplying, marketing, installing, servicing, and/or maintaining the

4

disc in the ordinary course of business and by placing the rupture disc in the stream of commerce in Ohio, Pennsylvania, and West Virginia." (Am. Compl. ¶ 38.) The Defendants are further alleged to have breached express and implied warranties of merchantability and fitness for a particular purpose. (Am. Compl. ¶ 40.)

As with the second cause of action, however, the third cause of action fails to expressly cite which provisions of the Act liability of the particular Defendants is alleged to arise under. However, even if the third cause of action were to expressly state that it arose under the Act, it would still fail as to Portersville and Western Sales because it fails to make sufficient allegations as to the particular activities of those defendants. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The only specific allegations concerning Portersville and Western Sales indicate that they would be considered suppliers within the scheme established by the Act in that they are alleged to have purchased the 12c rupture disc from Matrix and sold it to the CGI entities. However, the liability of suppliers is limited by the Act to instances where the supplier was negligent, the product did not conform to representations made by the supplier, or in cases where the supplier is deemed to step into the shoes of the manufacturer, such as where the supplier modifies or alters the product. *See* OHIO REV. CODE § 2307.78. As stated in Part III.A *supra*, the conclusion that Portersville and Western Sales acted negligently is not supported by any specific allegations. Further, while suppliers can be held liable under the Act for breaches of express warranties and representations, the amended complaint does not specifically allege that any such representations were ever made by Portersville or Western Sales. Claims for breach of implied warranties of

5

fitness for a particular purpose and merchantability are preempted by the Act. *See Stratford v. Smithkline Beecham Corp.*, No. 2:07-CV-639, 2008 U.S. Dist. LEXIS 84826, at *20–*21 (S.D. Ohio June 17, 2008). Finally, the amended complaint does not allege that Portersville and Western Sales, in their capacities as suppliers, altered or modified the rupture disc.

### IV.

For the above-stated reasons, Portersville and Western Sales' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 76) is **GRANTED**. The second and third causes of action are dismissed as to those Defendants unless, within twenty (20) days, Plaintiff seeks leave to file an amended complaint.

**IT IS SO ORDERED.**

3-28-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**